UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROGER PRIEBE,

    Plaintiff,

-vs-

CBRE, INC.,
a Delaware Corporation,

    Defendant.

Case No. 20-cv-

Hon.

---

Jennifer L. McManus  (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmnaus@faganlawpc.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, ROGER PRIEBE, by and through his attorneys, FAGAN MCMANUS, P.C. and for his cause of action against the Defendant, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff, ROGER PRIEBE (hereinafter "Priebe" or "Plaintiff"), is an individual residing in the City of Stevensville, County of Berrien, State of Michigan.

2. Defendant, CBRE, INC., (hereinafter "CBRE" or "Defendant") is a Delaware Corporation, and at all times pertinent hereto conducted businesses throughout the state of Michigan.

3. This Court has jurisdiction pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621-634, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity) and 28 U.S.C. §1367 (supplemental).

4. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, and attorney fees.

## GENERAL ALLEGATIONS

5. Plaintiff's date of birth is August 14, 1942.

6. Plaintiff began working as a maintenance technician for Jones Lang LaSalle Americas, Inc. ("JLL") in 1999.

7. During his employment with JLL, JLL provided technician employees to Whirlpool to perform work for Whirlpool.

8. Plaintiff was among the maintenance technician employees that JLL provided to Whirlpool to perform work for Whirlpool.

9. In April 2019, Plaintiff's maintenance technician department was comprised of himself and seven other JLL employees. The other JLL employees were between the ages of approximately 20 to 60 years old.

2

10. In or about April 2019, CBRE took over JLL's contract to provide maintenance technician employees to Whirlpool.

11. In or about April 2019, CBRE hired all seven of Plaintiff's former maintenance technician colleagues.

12. Plaintiff applied for and/or expressed interested to CBRE to be hired as a maintenance technician employee.

13. On or about April 12, 2019, Plaintiff learned that he had not been selected to work as a maintenance technician employee for CBRE.

14. Plaintiff also learned that CBRE had hired all seven of his significantly younger former co-workers.

15. On February 3, 2020, Plaintiff filed a Charge of Age Discrimination with the Equal Employment Opportunity Commission.

16. More than sixty days have passed since the filing of Plaintiff's Charge of Age Discrimination.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

17. Plaintiff incorporates the above paragraphs as if specifically repeated herein.

18. At all times pertinent hereto, Plaintiff was qualified for protection against age discrimination under the Age Discrimination in Employment Act of 1967, as amended (hereinafter "ADEA").

3

19. Pursuant to the ADEA, specifically 29 U.S.C. §623(a) it shall be unlawful for an employer:

    1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such an individuals age;

20. Defendant is an employer within the meaning of the ADEA.

21. Defendant discriminated against Plaintiff because of his age and violated the ADEA in the following particulars:

    a. Failing to hire Plaintiff even though it hired all of Plaintiff's significantly younger colleagues;

    b. Other acts of discrimination to be determined through discovery.

22. As a direct and proximate result of Defendant's discriminatory conduct toward Plaintiff in violation of the ADEA, Plaintiff has suffered and in the future will suffer damages including, but not limited to:

    a. Loss of wages and other forms of compensation, both in the past and in the future;

    b. Loss of the value of benefits, both in the past and in the future;

    c. Loss of promotional opportunities;

    d. Loss of earning capacity;

    e. Other damages to be determined.

23. The above-referenced discriminatory conduct by Defendant

toward Plaintiff was willful and, as a result, Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §626(b).

24. Plaintiff is also seeking equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, past and future, together with interest, costs, an award of attorney fees, and an award of liquidated damages. Plaintiff is also seeking equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT

25. Plaintiff incorporates the above paragraphs as if specifically repeated herein.

26. Defendant is an employer as defined pursuant to §201(a) of the Elliott-Larsen Civil Rights Act (hereinafter "ELCRA").

27. Pursuant to §202 of the ELCRA, an employer shall not:

    a. fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment, because of … age.

28. Defendant discriminated against Plaintiff because of his age and violated the ELCRA in the following particulars, including, but not limited to:

   a. Failing to hire Plaintiff even though it hired all of Plaintiff's significantly younger colleagues;

   b. Other acts of discrimination to be determined through discovery.

29. As a direct and proximate result of Defendant's discriminatory conduct toward Plaintiff, Plaintiff has suffered and in the future will suffer damages including, but not limited to:

   a. Loss of wages and other forms of compensation, both in the past and in the future;

   b. Loss of the value of benefits, both in the past and in the future;

   c. Loss of promotional opportunities;

   d. Loss of earning capacity;

   e. Extreme embarrassment, humiliation, mental anguish, disappointment, outrage and indignity;

   f. Exemplary damages;

   g. Other damages to be determined.

30. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays that this Honorable Court enter

Judgment against Defendant, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, past and future, together with interest, costs, and an award of attorney fees.  Plaintiff is also seeking equitable relief, including back-pay, front-pay, or other equitable relief the Court deems appropriate.

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
    Jennifer L. McManus  (P65976)
    Attorney for Plaintiff
    25892 Woodward Avenue
    Royal Oak, MI  48067-0910
    (248) 542-6300
    jmcmanus@faganlawpc.com

Dated:  April 8, 2020

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES the above-named Plaintiff, by and through his attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
    Jennifer L. McManus  (P65976)
    Attorney for Plaintiff
    25892 Woodward Avenue
    Royal Oak, MI  48067-0910
    (248) 542-6300
    jmcmanus@faganlawpc.com

Dated:  April 8, 2020